UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILLIE MERRIWEATHER**  **CIVIL ACTION NO. 2:13-cv-3226**
   **FED. REG. NO. 25072-076**

**VERSUS**  **JUDGE MINALDI**

**USA**  **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the instant petition for *habeas corpus* (28 U.S.C. § 2241) filed by *pro se* petitioner Willie Merriweather. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE.**

*Background*

In the present action, petitioner asserts that the BOP refuses to grant him proper pre-sentence credit towards the service of his federal sentence. Doc. 1, p. 5. Specifically, he states that the BOP refuses to acknowledge that his state and federal sentences run concurrently rather than consecutively. Doc. 1, att. 2, p. 4.

The documents filed by petitioner establish the following:

- February 15, 2012—Petitioner arrested in Madison County, Tennessee on a probation violation warrant. Doc. 1, att. 3, p.2.

- March 12, 2012—Petitioner's probation was revoked on several state sentences and he was sentenced to eleven months and twenty-nice days of imprisonment. *Id.*

- Petitioner was then placed in federal custody to await trial on federal charges. Doc. 1, p. 5.

- September 20, 2012—Petitioner was convicted in the Eastern District of Tennessee and sentenced to thirty months' imprisonment. Doc. 1, p. 1. The sentence was ordered to run concurrently with the state sentence imposed in the Madison County Circuit Court. Doc. 1, p. 5.

The petitioner alleges that the time he served between March 12, 2012, and October 15, 2012, should be credited toward his federal sentence. Doc. 1, att. 3, p. 1.

## *Law and Analysis*

### I. *Proper Remedy*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment).

However, in order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and establish that "...[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### II. *Applicable Statute*

Petitioner's argument that he is entitled to specific credit against his federal sentence relies on 18 U.S.C. § 3585. That statute, entitled "Calculation of a Term of Imprisonment," provides in pertinent part:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The BOP also uses Program Statement 5880.28, Sentence Computation Manual, which states that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Further "[a] writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

Under the plain language of the aforementioned provisions, petitioner cannot obtain credit against his federal sentence for the time he served in custody when he already received that benefit with respect to another sentence. As explained to petitioner in an administrative remedy response [doc. 1, att. 3, p. 2], the time spent from March 12, 2012, through September 19, 2012, was credited as time spent in the service of his Tennessee probation revocation sentence. As a result this time is not creditable toward petitioner's federal sentence. Further, he did receive credit towards his federal sentence from September 20, 2012, through October 15, 2012. Doc. 1, att. 3, p. 4.

### *Conclusion*

Petitioner's sentence calculation comports with 18 U.S.C. § 3585(b), and he has not shown that he is in custody in violation of the Constitution and laws of the United States. Thus, his petition for *habeas corpus* must be dismissed.

Therefore,

- 4 -

**IT IS RECOMMENDED THAT** petitioner's Application for Writ of *Habeas Corpus* under 28 U.S.C. § 2241be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE